STATE *vs*. GEORGE W. HALL.

Sagadahoc.   Opinion December 9, 1888.

*Warrant.   Return.   Intoxicating Liquors.*

Where an officer is commanded by a warrant to seize liquors described therein, and he says in his return on the warrant: "By virtue of this warrant I have seized liquors," describing them in the same way as described in the warrant, the return will be good.

The return implies that the liquors ordered to be seized and the liquors seized are the same.

ON EXCEPTIONS, to the ruling of the court in overruling defendant's motion in arrest of judgment.

The principal ground of the motion, relied on by the defendant was that, "the return of the officer on the warrant, wherein the defendant was arrested, does not show that the liquors seized by virtue of the said warrant were the same liquors alleged in the complaint to have been found and taken and kept by the complainant, nor does any part or the whole of the record."

*W. Gilbert*, for the defendant.

The return on the warrant is not sufficient to put the defendant on trial.

The return is silent as to the liquors, alleged in the complaint, to have been previously found.

There is nothing in the return which discloses any identity of the liquors seized, with those alleged to have been previously found in the possession of the defendant.

This identity must appear in order to give the magistrate jurisdiction of such a complaint.

If the return in connection with the complaint, does not disclose alleged facts to make a case of guilt against the person accused, then the case stands upon the same ground as any other case, where the charge is defective.   There being nothing to rest a judgment upon, judgment must be arrested.

.No material fact can be presumed.   The facts above referred

to are material. Therefore, they must be specified in the return, thus being equivalent to an averment in a complaint, and proved.

*F. J. Baker*, county attorney for the state.

PETERS, C. J. The point taken, by a motion in arrest, against the validity of the officer's return on the warrant in this case, is, that the return does not with sufficient certainty indicate that the liquors declared against in the complaint and warrant, are the same liquors which were seized. The officer commences the return by saying: "By virtue of the within warrant I have seized the following described liquors," then describing them particularly. It is contended that, while the two descriptions of liquors, that in the warrant and that in the return, may appear alike, the officer does not say in the return that they are the same.

But the officer does say that the liquors were seized by virtue of his warrant and that is equivalent to saying they are the same; for, otherwise, the seizure would have been made in defiance of his warrant rather than in pursuance of it. The return clearly imports, if it does not expressly declare, identity. The mandate is obeyed. The decisions uphold such a return as a substantial and sufficient compliance with the duty commanded.

The authority for such form of return dates back as far as the year book 1 Hen. VI, 6, where upon a *scire facias* the return was, "*scire feci* A. B.," without adding the words "within named;" but because it was said, "by virtue of this precept as directed," the return was adjudged good. See *Wilson* v. *Lane*, 2 Salk. 589, where this case is quoted and approved. The precise question that arises in the case before us was elaborately argued and fully considered in *Stone* v. *Dana*, 5 Met. 98, 107, and just such a return was sustained in that case. Other Massachusetts cases are pertinent to the question. *Com.* v. *Intoxicating Liquors*, 4 Allen, at p. 600. *Same* v. *Same*, 6 Allen, 600.

*Exceptions overruled.*

WALTON, DANFORTH, VIRGIN, LIBBEY and HASKELL, JJ., concurred.